UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER, INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION, and<br>EMHART, INC.,<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>No. 1:04-CV-10649-DPW |

## REPLY TO DEFENDANTS' COUNTERCLAIM

   Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), answering the allegations contained in the Counterclaim of the defendants, The Black & Decker Corporation, Black & Decker, Inc., Black & Decker (U.S.) Inc., Emhart Corporation, and Emhart Industries, Inc., with respect to the Alwell Asbestos claims ("Alwell Asbestos claims"):

## INTRODUCTORY PARAGRAPH

   Replies to the allegations contained in the introductory paragraph of the "Answers and Counterclaim" by stating that the Court's instructions in the March 19, 2004 and April 8, 2004 Orders in *Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als.,* Civil Action No. 96-10804-DPW are as the Court stated therein, and denies all other allegations in this introductory paragraph.

## PARTIES

1.  Admits the allegations contained in paragraph 1 of the Counterclaim.

2.  Admits the allegations contained in paragraph 2 of the Counterclaim.

3.  Admits the allegations contained in paragraph 3 of the Counterclaim.

4.  Admits the allegations contained in paragraph 4 of the Counterclaim.

5.  Admits the allegations contained in paragraph 5 of the Counterclaim.

6.  Denies the allegations contained in paragraph 6 of the Counterclaim, as stated.

## JURISDICTION AND VENUE

7.  Admits the allegations contained in paragraph 7 of the Counterclaim.

8.  Admits the allegations contained in paragraph 8 of the Counterclaim.

## FACTS

### The Insurance Policies

9.  Restates, repeats and incorporates by reference herein, in response to the allegations of paragraph 9 of the Counterclaim, its responses to paragraphs 1 through 8, inclusive, of the Counterclaim.

10.  States that the allegations contained in paragraph 10 of the Counterclaim amount to legal conclusions to which no response is required. Further answering, Liberty Mutual admits that Black & Decker has sought coverage as successor to the entities identified in this paragraph.

11.  Denies the allegations of paragraph 11 of the Counterclaim as stated. Further answering, Liberty Mutual states in response to paragraph 11 of the

Counterclaim that, at various times relevant hereto, Liberty Mutual issued certain

liability insurance policies to USM, including the following policies:

| POLICY PERIOD | POLICY NUMBER |
|---|---|
| 11/01/52 – 11/01/53 | PL-1-832011-52-Mass |
| 11/01/53 – 11/01/54 | RG-1-690485-53-Mass |
| 11/01/54 – 11/01/55 | RG-1-690485-54-Mass |
| 11/01/55 – 11/01/56 | RG-1-690485-55-Mass |
| 11/01/56 – 11/01/57 | RG-1-690485-56-Mass |
| 11/01/57 – 01/01/59 | RG-6012-903115-37 |
| 01/01/61 – 01/01/62 | RG1-612-004059-011 |
| 01/01/62 – 01/01/63 | RG1-612-004059-012 |
| 01/01/63 – 01/01/64 | RG1-612-004059-013 |
| 01/01/64 – 01/01/65 | RG1-612-004059-014 |
| 01/01/65 – 01/01/66 | RG1-612-004059-015 |
| 01/01/66 – 01/01/67 | RG1-612-004059-016 |
| 01/01/67 – 01/01/68 | RG1-612-004059-017 |
| 01/01/68 – 01/01/69 | RG1-612-004059-018 |
| 11/01/71 – 11/01/72 | LG1-612-004059-211 |
| 11/01/72 – 11/01/73 | LG1-612-004059-212 |
| 11/01/73 – 11/01/74 | LG1-612-004059-213 |
| 11/01/74 – 11/01/75 | LG1-612-004059-214 |
| 11/01/75 – 11/01/76 | LG1-612-004059-215 |
| 11/01/76 – 11/01/77 | LG1-612-004059-216 |
| 11/01/77 – 01/01/78 | LG1-612-004059-217 |
| 01/01/78 – 01/01/79 | LG1-612-004059-548 |

Further answering, Liberty Mutual states that at this time, it is without knowledge

or information sufficient to form a belief as to whether it issued to USM any or all of

the remaining policies set forth in paragraph 11 of the Counterclaim, during any or

all of the alleged policy terms set forth in paragraph 11 of the Counterclaim, and

otherwise denies the allegations of paragraph 11 of the Counterclaim.

    12.    Denies the allegations of paragraph 12 of the Counterclaim as stated.

Further answering, Liberty Mutual states in response to paragraph 12 of the

Counterclaim that, at various times relevant hereto, Liberty Mutual issued certain

excess liability policies to USM, including the following policies:

| POLICY PERIOD | POLICY NUMBER |
|---|---|
| 01/21/66 – 01/01/67 | LE1-612-004059-156 |
| 01/01/67 – 01/01/68 | LE1-612-004059-157 |
| 01/01/68 – 01/01/69 cancelled a/o 11/01/68 | LE-612-004059-158 |
| 01/01/72 – 01/01/73 | LE1-612-004059-242 |
| 01/01/73 – 01/01/74 | LE1-612-004059-243 |
| 01/01/74 – 01/01/75 | LE1-612-004059-244 |
| 01/01/75 – 11/01/75 | LE1-612-004059-245 |
| 11/01/75 – 11/01/76 | LE1-612-004059-435 |
| 11/01/76 – 11/01/77 | LE1-612-004059-436 |
| 11/01/77 – 01/01/78 | LE1-612-004059-437 |
| 01/01/78 – 01/01/79 | LE1-612-004059-578 |

13.     States that the allegations contained in paragraph 13 of the

Counterclaim amount to legal conclusions to which no response is required.

Further answering, Liberty Mutual admits that Black & Decker has sought

coverage as successor to the entities identified in this paragraph.

14.     Denies the allegations of paragraph 14 of the Counterclaim as stated.

Further answering, Liberty Mutual states in response to paragraph 14 of the

Counterclaim that, at various times relevant hereto, Liberty Mutual issued certain

liability insurance policies to Farrel, including the following policies:

| POLICY PERIOD | POLICY NUMBER |
|---|---|
| 07/01/61 – 07/01/62 | LP1-614-004436-021 |
| 07/01/62 – 07/01/63 | LP1-614-004436-022 |
| 07/01/64 – 07/01/65 | LP1-614-004436-024 |
| 07/01/65 – 07/01/66 | LP1-614-004436-025 |
| 07/01/66 – 07/01/67 | LP1-614-004436-026 |
| 07/01/67 – 07/01/68 | LG1-614-004436-027 |

| 07/01/68 – 07/01/69 | LG1-614-004436-028 |
| 07/01/69 – 07/01/70 | LG1-614-004436-029 |
| 07/01/70 – 07/01/71 | LG1-614-004436-020 |
| 07/01/71 – 11/01/71 | LG1-614-004436-021 |

Further answering, Liberty Mutual states that at this time, it is without knowledge

or information sufficient to form a belief as to whether it issued to Farrel any or all

of the remaining policies set forth in paragraph 14 of the Counterclaim, during any

or all of the alleged policy terms set forth in paragraph 14 of the Counterclaim, and

otherwise denies the allegations of paragraph 14 of the Counterclaim.

15.    Denies the allegations of paragraph 15 of the Counterclaim as stated.

Further answering, Liberty Mutual states in response to paragraph 15 of the

Counterclaim that, at various times relevant hereto, Liberty Mutual issued certain

excess liability policies to Farrel, including the following policies:

| POLICY PERIOD | POLICY NUMBER |
| --- | --- |
| 07/01/64 – 07/01/65 | LE1-614-004436-164 |
| 07/01/65 – 07/01/66 | LE1-614-004436-165 |
| 07/01/66 – 07/01/67 | LE1-614-004436-166 |
| 07/01/67 – 07/01/68 | LE1-614-004436-167 |
| 07/01/68 – 07/01/69 | LE1-614-004436-168 |

Further answering, Liberty Mutual states that at this time, it is without knowledge

or information sufficient to form a belief as to whether it issued to Farrel the

remaining policies set forth in paragraph 15 of the Counterclaim, during the alleged

policy term set forth in paragraph 15 of the Counterclaim, and otherwise denies the

allegations of paragraph 15 of the Counterclaim.

16.     Denies the allegations contained in paragraph 16 of the Counterclaim, as stated.  Further answering, Liberty Mutual states that the terms, conditions, and exclusions of the policies which were allegedly issued to one or more of the defendants speak for themselves, and any duties, including defense and/or indemnification, imposed thereunder, are subject to the terms, conditions and exclusions contained therein and interpreted according to applicable law.

17.     Denies the allegations contained in paragraph 17 of the Counterclaim, as stated.  Further answering, Liberty Mutual states that the terms, conditions, and exclusions of the policies which were allegedly issued to one or more of the defendants speak for themselves, and any duties, including defense and/or indemnification, imposed thereunder, are subject to the terms, conditions and exclusions contained therein and interpreted according to applicable law.

18.     Denies the allegations contained in paragraph 18 of the Counterclaim.

## The Alwell Asbestos Claims

19.     States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaim.

20.     Denies the allegations contained in paragraph 20 of the Counterclaim.

21.     Denies the allegations contained in paragraph 21 of the Counterclaim.

22.     Denies the allegations contained in paragraph 22 of the Counterclaim.

23.    Denies the allegations contained in paragraph 23 of the Counterclaim, as stated.  Further answering, Liberty Mutual states only that it has received notice of this claim.

24.    Denies the allegations contained in paragraph 24 of the Counterclaim, as stated.  Further answering, Liberty Mutual states only that the pleadings referenced speak for themselves.

25.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Counterclaim.

26.    Denies the allegations contained in paragraph 26 of the Counterclaim, as stated.  Further answering, Liberty Mutual states only that periodically, and in piecemeal fashion, it has received copies of invoices in connection with the Alwell Asbestos claims.

27.    Denies the allegations contained in paragraph 27 of the Counterclaim, as stated.  Further answering, Liberty Mutual states that it has paid, in full, its portion of the reasonable and necessary defense costs associated with the Alwell Asbestos claims.

28.    Denies the allegations contained in paragraph 28 of the Counterclaim

## COUNT I

### (Breach of Contract)

29.    Restates, repeats and incorporates by reference herein, in response to the allegations of paragraph 29 of the Counterclaim, its responses to paragraphs 1 through 28, inclusive, of the Counterclaim.

30.    Denies the allegations contained in paragraph 30 of the Counterclaim.

31.    Denies the allegations contained in paragraph 31 of the Counterclaim.

32.    Denies the allegations contained in paragraph 32 of the Counterclaim.

33.    Denies the allegations contained in paragraph 33 of the Counterclaim.

34.    Denies the allegations contained in paragraph 34 of the Counterclaim.

35.    Denies the allegations contained in paragraph 35 of the Counterclaim.

## COUNT II

### (Declaratory Judgment)

36.    Restates, repeats and incorporates by reference herein, in response to the allegations of paragraph 36 of the Counterclaim, its responses to paragraphs 1 through 35, inclusive, of the Counterclaim.

37.    Admits in response to the allegations contained in paragraph 37 of the Counterclaim only that there exists an actual controversy.  Further answering, Liberty Mutual states only that it has paid, in full, its portion of the reasonable and necessary defense costs associated with the Alwell Asbestos claims, and denies all other allegations contained in paragraph 37 of the Counterclaim.

38.    Denies the allegations contained in paragraph 38 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred because defendants have failed to give timely and adequate notice of their alleged claims for coverage, as required under and pursuant to the terms of the insurance policies, whereby Liberty Mutual has been prejudiced.

### THIRD AFFIRMATIVE DEFENSE

Defendants, by their actions, have waived any claims against Liberty Mutual.

### FOURTH AFFIRMATIVE DEFENSE

Defendants, by their actions, are estopped from asserting any claims against Liberty Mutual.

### FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual states that to the extent it had any obligations to defendants, such obligations have been fully, properly and completely performed in all respects.

### SIXTH AFFIRMATIVE DEFENSE

Liberty Mutual states that by the terms, conditions, definitions, limitations, endorsements and exclusions in the policies, there is no coverage for the claims made by defendants or the claims made in the underlying actions.

## SEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that no coverage is afforded to the defendants under any policy of insurance issued by Liberty Mutual for the claims made by defendants and the claims made in the underlying actions for occurrences which did not take place during Liberty Mutual's policy period or which did not result in bodily injury, personal injury or property damage during Liberty Mutual's policy period.

## EIGHTH AFFIRMATIVE DEFENSE

Liberty Mutual states that it has no duty to defend or indemnify defendants because defendants failed to perform all conditions precedent and all of their obligations under the policies.

## NINTH AFFIRMATIVE DEFENSE

Liberty Mutual states that no coverage is afforded to defendants under any policy of insurance issued by Liberty Mutual with respect to any fines or penalties or settlements claimed or recovered against defendants because they are not within the scope of coverage provided by any such policy.

## TENTH AFFIRMATIVE DEFENSE

To the extent that defendants' acts or failures to act are in violation of law and/or public policy, the defendants are barred from seeking coverage under any policy of insurance issued by Liberty Mutual.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred by the applicable statutes of limitations.

- 10 -

## TWELFTH AFFIRMATIVE DEFENSE

Liberty Mutual states that no coverage is afforded defendants under any policy of insurance issued by Liberty Mutual with respect to any injunctive or equitable relief claimed, alleged, or recovered against defendants, because such claims do not constitute claims for damages within the meaning of any such policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that no coverage is afforded defendants under any policy of insurance issued by Liberty Mutual with respect to claims for reimbursement of costs and expenses incurred for investigation, assessment or remediation of pollutants, contaminants or the environment because such costs and expenses do not constitute damages within the meaning of any such policy, and in any event, Liberty Mutual does not provide coverage for any unreasonable or unnecessary costs or expenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that no coverage is afforded defendants under any policy of insurance issued by Liberty Mutual with respect to costs and expenses allegedly incurred by defendants for attendance at or participation in any administrative or other non-judicial proceedings, or for civil penalties, settlements, or payments arising therefrom, or where there has been no suit within the meaning of any such policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that if coverage for the defendants' claims is found to exist under some or all of the Liberty Mutual policies at issue, then Liberty Mutual's responsibility is limited by the application of the theories of contribution, set-off and/or allocation.

## SIXTEENTH AFFIRMATIVE DEFENSE

No coverage is afforded to defendants under any Liberty Mutual policy of insurance because the damages alleged do not constitute property damage, bodily injury or personal injury within the meaning of any such policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

No coverage is afforded to defendants under any Liberty Mutual policy of insurance because there was no occurrence within the meaning of any such policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

No coverage is afforded to defendants under any Liberty Mutual policy of insurance because there was no accident within the meaning of any such policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that any policy of insurance issued by Liberty Mutual contains various limits of liability both per occurrence and in the aggregate.  To the extent that Liberty Mutual is found to have any liability to defend and/or indemnify defendants, Liberty Mutual's liability is restricted to said limits, including, without limitation, pursuant to the application of any non-cumulation of limits provision.

## TWENTIETH AFFIRMATIVE DEFENSE

Liberty Mutual states that there is no coverage under any policy of insurance issued by Liberty Mutual with respect to claims for bodily injury, personal injury or property damage which was expected or intended on the part of defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No coverage is afforded to defendants under any policy of insurance issued by Liberty Mutual with respect to claims for exemplary or punitive damages alleged or recovered against defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No coverage is afforded under any policy of insurance issued by Liberty Mutual with respect to any entity which is not specifically named or defined as a Named Insured under said policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Liberty Mutual states that the defendants' Counterclaim is barred in whole or in part by the doctrine of accord and satisfaction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Liberty Mutual states that the defendants' Counterclaim is barred in whole or in part by any payment made by Liberty Mutual.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual states that the defendants' Counterclaim is barred in whole or in part by virtue of defendants' release of Liberty Mutual on account of any payments made by Liberty Mutual.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Liberty Mutual states that defendants' Counterclaim is barred in whole or in part by defendants' failure to have complied with the statutory prerequisites to suit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual states that coverage is excluded by the standard pollution exclusion, the absolute pollution exclusion, or the asbestos exclusion.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Liberty Mutual states that coverage is excluded by the alienated or owned property exclusion.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Liberty Mutual states that if coverage for the defendants' claims is found under some or all of the Liberty Mutual policies at issue, then Liberty Mutual's liability for all damages is limited to the amount of coverage for the particular year(s) in which the property damage, bodily injury, or personal injury occurred.

## THIRTIETH AFFIRMATIVE DEFENSE

Liberty Mutual states that if Liberty Mutual is found to have any obligation to defend and/or indemnify defendants for injury or property damage arising from exposure to injurious conditions over two or more policy periods, then all such injury or property damage is deemed to have occurred on the last day of the last exposure, and Liberty Mutual's liability is restricted to the applicable limit of liability contained in the policy in effect on the last day of such exposure, if any.

- 14 -

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent that defendants have failed to report to Liberty Mutual their alleged claims for injury or destruction of property within one year after its last policy had expired, thereby prejudicing Liberty Mutual.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the defendants' own unclean hands.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of laches.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the defendants' own inequitable conduct.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the defendants' voluntary payments, if any.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by decisions of this Court in Liberty Mutual Insurance Co. v. The Black & Decker Corp. et als., Civil Action No. 96-10804-DPW.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by defendants' own conduct in Liberty Mutual Insurance Co. v. The Black & Decker Corp. et als., Civil Action No. 96-10804-DPW.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Counterclaim are barred to the extent that those claims were not pleaded in <u>Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als.</u>, Civil Action No. 96-10804-DPW, notwithstanding that Black & Decker had ample opportunity to plead such claims in said action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Liberty Mutual intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its reply to the Counterclaim to assert such defenses.

## <u>JURY DEMAND</u>

Liberty Mutual demands a trial by jury for all claims and defenses so triable.

WHEREFORE, plaintiff Liberty Mutual Insurance Company prays:

1.     That judgment enter in its favor with respect to defendants' Counterclaim;

2.     That this Court award Liberty Mutual its costs, including reasonable attorneys' fees; and

3.    For such other and further relief as this Court deems just and

proper.

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,


/s/ Ralph T. Lepore, III
Ralph T. Lepore, III (BBO #294420)
Robin L. Main (BBO #556074)
Wendy E. Millette (BBO #647865)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  May 20, 2004

## CERTIFICATE OF SERVICE


I hereby certify that on this 20th day of May, 2004, I caused a copy of the
foregoing document to be served by hand upon Jack R. Pirozzolo, Esq., counsel to
Defendants, at Willcox, Pirozzolo and McCarthy, P.C., 50 Federal Street, Boston,
MA 02110.

/s/ Ralph T. Lepore, III
Ralph T. Lepore, III


# 1900676_v1

- 17 -