# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART INDUSTRIES, INC.,<br><br>Defendants. | C.A. No. 96-10804-DPW |

---

**MOTION AND SUPPORTING MEMORANDUM OF LIBERTY MUTUAL INSURANCE COMPANY FOR SUMMARY JUDGMENT**

---

Ralph T. Lepore, III, Esq.
Robert A. Whitney, Esq.
Kenneth R. Brown, Esq.
Warner & Stackpole LLP
75 State Street
Boston, MA 02109
(617) 951-9000

## I. INTRODUCTION

Now comes the plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rules 7.1 and 56.1, respectfully moves this Court for entry of summary judgment in its favor with respect to its Complaint and the Defendants' Counterclaim.

More specifically, as set forth below and in the exhibits and affidavits filed herewith, Liberty Mutual contends that the undisputed material facts establish as a matter of law that there exists no coverage under any of the Liberty Mutual policies for any of the claims for which defendants seek coverage. Therefore, Liberty Mutual is not obligated to defend or indemnify the defendants for any of the property damage at issue. Accordingly, summary judgment in favor of Liberty Mutual is appropriate.

Liberty Mutual submits this omnibus Motion for Summary Judgment relating to the following legal issues ripe for summary judgment: (1) the application of Massachusetts law to this action as mandated by Massachusetts choice of law principles; (2) the nonexistence of purported lost policies, and the defendants' failure to satisfy their burden of proof to establish the existence of such policies as well as their terms and conditions; and (3) the defendants' failure to meet their burden to establish coverage under certain existing insurance policies relating to the alleged underlying claims against them arising from their generation, discharge, or disposal of hazardous waste at or from the subject waste dumps and manufacturing facilities.[1]

---

[1] Despite the Defendants' assertions to the contrary, it is undisputed that Liberty Mutual has provided a defense to the defendants with respect to at least three of the active environmental sites. For example, Liberty Mutual under a reservation of rights, paid for the defense costs relating to the underlying claims relating to the Medway Site, Medway, Massachusetts. With respect to the PAS/Oswego Site, Oswego, New York and the PAS/Fulton Terminal, Fulton, New York, Liberty Mutual agreed to both defend and indemnify the defendants.

Section II below sets forth the procedural history of this action. Section III of this memorandum provides a comprehensive outline of the various entities purportedly involved in this litigation, and the terms and conditions of the many lines of existing policies at issue relating to such entities. For purposes of clarity and ease of identification, charts are included in Section III outlining the lines of coverage for certain entities, including USM and Farrel, where the grants of coverage and applicable exclusions in the insurance policies issued varied significantly over time. Also, in the Binders containing the actual existing policies, Liberty Mutual has included an outline referencing the lines of purported existing coverage at each of the entities referenced in Section III.

In Section IV, Liberty Mutual sets forth the undisputed facts concerning the negotiation, execution and administration of the policies at issue which overwhelmingly establish that Massachusetts law should apply to this action.

In Section V, Liberty Mutual sets forth the undisputed facts concerning the purported lost policies at issue, all of which policies Liberty Mutual contends, are, in fact, nonexistent. More specifically, the evidence, if any, relied upon by the defendants to prove the existence of certain alleged policies wholly fails to satisfy any reasonable burden of proof that such policies, in fact, exist. Further, even if the defendants demonstrate that some policies may have existed at some time, the defendants cannot surmount their next burden to establish the terms and conditions of

---

Liberty Mutual is not currently seeking summary judgment with respect to the Active Long-Term Exposure Claims. Liberty Mutual agreed to defend all those claims which have been tendered to it, and in most instances, is participating along with other insurance carriers and the defendants, pursuant to joint defense agreements, in the handling and disposition of those claims. The Defendants have only recently produced scores of boxes of new documents relating to these claims. After careful review of these materials, Liberty Mutual will determine whether any new information learned will lead it to seek leave from the Court, to file additional summary judgment motions with respect to these claims.