# EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * *
                               *
LIBERTY MUTUAL INSURANCE       *
   COMPANY                     *
              Plaintiff        *
                               *
   VERSUS                      *    CA-96-10804-DPW
                               *
BLACK AND DECKER CORP.         *
              Defendant        *
                               *
* * * * * * * * * * * * * * * *
```

BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT COURT JUDGE

HEARING

OCTOBER 22, 1996

APPEARANCES:

   ROBERT A. WHITNEY, ESQ., Warner & Stackpole,
   75 State Street, Boston, Massachusetts 02109,
   on behalf of Plaintiff

   JACK R. PIROZZOLO, ESQ. AND RICHARD L. BINDER, ESQ.,
   Willcox, Pirozzolo & McCarthy, 50 Federal Street,
   Boston, Massachusetts 02110, on behalf of
   Defendant

                    Courtroom No. 8 - 2nd Floor
                    Post Office & Courthouse Bldg.
                    Boston, Massachusetts 02109
                    11:10 A.M. - 12:30 P.M.


         Pamela R. Owens - Official Court Reporter
            204 Post Office & Courthouse Building
               Boston, Massachusetts 02109


   Method of Reporting: Computer-Aided Transcription

Page 10

1  yet. These are beyond the lost policy things. Do we
2  need to have a scheduling for that time period?
3       THE COURT: Let me see the 30(b)(6) designation.
4       MR. PIROZZOLO: I'm sorry, Your Honor?
5       THE COURT: Let me see this 30(b)(6) designation.
6       MR. PIROZZOLO: Your Honor, there's three
7  notices. One relates to lost policies; one, corporate
8  organization; and the other, the Maryland office of
9  Liberty Mutual which still exists to our understanding and
10 through which we believe the policies were issued.
11      THE COURT: Why the focus on Maryland?
12      MR. PIROZZOLO: Excuse me, Your Honor?
13      THE COURT: Why the focus on Maryland?
14      MR. PIROZZOLO: Our belief is that the policies
15 were issued through the Maryland office -- Black & Decker
16 is Maryland-based -- and that they would have records
17 retention policy programs as appropriate or people there
18 who would know about the older -- retention of old
19 records. And we feel we can't contact that office
20 directly without so permitting counsel. So, we feel the
21 appropriate way is by deposition to ask them how they
22 maintain their records.
23      THE COURT: Okay. Now, what's the objectionable
24 portion of any of these 30(b)(6) designations?
25      MR. WHITNEY: Well, I'm not sure which one

Page 11

1  you're looking at, Your Honor, the one that has 18
2  categories.
3       THE COURT: Yes. We'll start there.
4       MR. WHITNEY: For example, number five, Your
5  Honor, drafting history, underwriting history of all the
6  policies. Drafting history -- I'm sure Your Honor is
7  aware -- is an issue that's in dispute in many
8  jurisdictions, including Massachusetts, with respect to
9  what type of drafting history of the policies or what
10 standard form policies --
11      THE COURT: Right. Turn them over.
12      MR. WHITNEY: I'm sorry?
13      THE COURT: Turn it over.
14      MR. WHITNEY: Produce a witness, Your Honor?
15      THE COURT: Yes, turn it over. I'm not -- I'm
16 not sitting for this kind of stuff. I really am not. I
17 don't have to listen to this kind of foolishness. You
18 guys want to play, then you'll play. You want to get
19 involved in this, then you'll get involved in it. And it
20 will be extensive discovery. And I'm not going to sit for
21 every day having you people come wandering in and saying,
22 "Oh, I don't like this, I don't like that." This doesn't
23 stick. You brought a big case.
24      MR. WHITNEY: Yes, Your Honor.
25      THE COURT: And your idea was to bring a big

Page 12

1  case and have it sink in the muck. And I'm not going to
2  let that happen. You brought the big case. It's got big
3  discovery. You're going to provide it.
4       If there's going to be a dispute about drafting
5  history, I'll deal with it on the merits after they've had
6  an opportunity to look at the papers. We're not going to
7  play this game up front. You're both big guys. You have
8  deep pockets. You're prepared to engage in this
9  litigation, apparently prepared to nibble at each other
10 for an extended period of time. Go ahead. But don't
11 bother the Court's resources in this kind of activity.
12 Don't expect that what you're going to get is special
13 treatment so that I have periodic meetings when I can be
14 doing other cases involving litigants who don't have
15 quality counsel who ought to be able to control their
16 clients and quality in-house people who ought to know
17 better than to engage in this kind of litigation.
18      You want this kind of litigation? You'll get
19 it. But you're not going to divert the resources of the
20 Court by nibbling away at a whole series of issues which
21 might otherwise be resolved in another case because they
22 were useful to resolution of the case, might otherwise be
23 resolved up front in another case because they were useful
24 for resolution of another case. This, I'm not going to
25 stand for it. I'm not going to listen to this kind of

Page 13

1  nit-picking response. And I'm not going to cause your
2  clients to engage in extensive filings with the Court to
3  litigate these issues.
4       You're going to go ahead and have your
5  discovery. And you're going to have it on a relatively
6  fast track and it's going to be full and complete. And
7  unless there's something that is truly privileged, it's
8  going to be discoverable -- both sides. This is wide
9  open.
10      Put together for yourselves a protective order
11 that's going to protect you apparently from a variety of
12 things. And now you're going to get down to it and hand-
13 to-hand deal with all of the issues that you want to deal
14 with in this case without the Court entering on the basis
15 of limited knowledge and periodic reviews in this context
16 in the absence of motions to compel or a suggestion that
17 "well, we'll schedule motions to compel here." I'm not
18 going to do that.
19      You've got a hearing. You've got what is the
20 most valuable time that litigants can have in this Court,
21 the opportunity to come before the Judge and explain
22 issues. But you're not going to squander that resource.
23      MR. WHITNEY: I'm sorry, Your Honor. I'm more
24 than happy to explain the issues if you'd like to deal
25 with them.